[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff and the defendant intermarried on September 13, 1985 at St. Ann's in Jamaica. There were three children issue of their marriage: Cavine Tennent, born January 18, 1982; Andre Tennent born May 11, 1990; and Dominique Tennent born August 18, 1992. Subsequently the family moved to Hartford. In 1997, the plaintiff wife commenced this action to dissolve the marriage. Eventually the parties executed a written stipulation which was substantially adopted by the court, Cohen, J.T.R., in its judgment of September 19, 1997. Custody of the three children was awarded to the plaintiff mother. The defendant was ordered to pay allocated child support "in accordance with child support guidelines in the amount of $130.00 per week, for the three minor children, $15.00 for the oldest, $38.00 for the middle child and $77.00 for the youngest child."
In June 2000, the support enforcement division commenced a contempt citation alleging significant non-payment of the support order. In July the defendant filed a pro se motion seeking to modify the child support order[1]. He claims a substantial change of circumstances in that he was laid off from his previous job. At the time he filed the motion he claimed to be unable to obtain new employment. These motions have subsequently been before the court on several occasions. On July 5, 2000, the court, Langley F.S.M. ordered the defendant to commence a diligent job search including registering with the unemployment office. On August 30, 2000, the court, Alvord, F.S.M., issued a partial stay of enforcement, allowing the defendant to pay $100.00 per week with the balance to accrue on the arrearage[2]. On October 4, 2000, the court,Bentivegna, F.S.M., ordered the defendant to look into his eligibility for adult education and to continue his job search. The court also appointed Attorney Loida John-Nicholson to represent the defendant.[3]
On November 15, 2000 the court, Reynolds, F.S.M., continued the partial suspension and ordered the defendant to comply with the "payable" $100.00 CT Page 5130 per week. On November 17, 2000 the court, Alvord F.S.M., appointed Attorney Rhonda Morra as counsel and guardian ad litem for the minor children. She also ordered that a subpoena issue for the plaintiff mother.[4]
On January 19, 2001 the parties appeared before the undersigned. The matter was assigned to the special hearing docket. The defendant reported part-time work, but was ordered to continue a diligent job search until employed "40 hours or more" per week. The defendant was ordered to make at least five job requests per day and to document the job search.
On March 29 a full contested hearing was held on the motions. The defendant is now employed as a dishwasher 40 hours per week at $7.00 per hour. At the time of the dissolution judgment the defendant was employed at Scott's Bakery. According to his April 30, 1997 financial affidavit, he earned $380.00 per week gross with a net of $304.42. He was laid off when the bakery closed. His present financial affidavit shows $280.00 per week gross with a weekly net of $190.00. The plaintiff mother and the guardian ad litem oppose modification of the order, arguing that the adverse change in the defendant's financial circumstances are not substantial, that his earning capacity remains at the level of his previous job, and that in any event the court should deny modification because of his failure to comply with the support order or even the "payable" order, as provided in Practice Book § 25-26(a)[5].
The threshold issue is a determination of whether or not there has been a substantial change of the circumstances. The defendant lost his prior, higher paying job because the business closed. There is no evidence suggesting that the defendant in any way contributed to or caused his loss of that job. As a result he has suffered a 37% decrease in his gross income. The court finds this to be a substantial change of circumstances.[6]
The plaintiff and counsel for the minor child argue that the modification should be nevertheless be denied because the defendant's earning capacity is sufficient to sustain the existing order and because the defendant is delinquent on his child support order. The court agrees that when the defendant filed his motion and during its pendency through numerous postponements, the defendant was not working to his earning capacity. For this reason the court ordered the defendant several times to diligently seek work as well as ancillary orders such as investigating adult education. The defendant ultimately obtained part-time employment and was told it was not enough. Finally, four weeks before the hearing, the defendant obtained full-time employment.
There appear to be no physical impediments to the defendant working CT Page 5131 full-time or even overtime, including employment that could involve strenuous labor. However, the defendant appears to have limited education and trade skills. The defendant is a native of Jamaica. Although Jamaica is an English speaking country, the defendant is not fluent. Rather, he speaks a local patois. Taking these factors into consideration the court does not find that his present employment falls substantially below his earning capacity.[7]
The support enforcement division submitted a child support guidelines computation. According to this computation a presumptive order of $66.00 per week is indicated. The court finds the computation incorrect.
The allowable deduction from gross income for income tax is "based upon all allowable exemptions, deductions and credits." Regs., Conn. State Agencies, § 46b-215a-1(1)(A). The deduction is properly calculated based on the obligor's tax liability rather than on the amount withheld. This distinction is significant in this case. The dissolution judgment provides that the defendant is entitled to the dependency exemption for the oldest and youngest child providing he is paid up to date on his child support. Calculating the exemptions and the earned income credit would eliminate the obligor's federal and state income tax liability, leaving only the social security and medicare taxes payable. This analysis is confirmed by the 2000 federal income tax return, which shows that his refund actually exceeded the withheld tax due to the earned income credit.
When the tax deduction is properly computed, the defendant's net income for purpose of the guidelines computation is $259.00 per week. The presumptive child support order would then be $90.00 per week. The court has prepared its own guidelines worksheet based on the foregoing findings, which is attached hereto as appendix A. The court finds no reason to deviate from the guidelines and orders the defendant to pay $90.00 per week unallocated support for the two remaining minor children plus $10.00 per week on the arrearage making a total payment of $100.00 weekly. All other orders including the orders regarding medical insurance and costs, remain as provided in the original judgment.
In view of the defendant's significant non-compliance with even the accommodation "payable" order, any retroactivity of the modification is denied. The new order is effective April 13, 2001. immediate income withholding is ordered.
BY THE COURT
Harris T. Lifshitz Family Support Magistrate CT Page 5132
Summary of 2000 Taxes
Name: Tennant Lloyd Marcia
 Federal Income Tax
 1 Salary 14,560 0 2 Self-Employment Income 0 0 3 Interest + Dividends 0 0 4 Alimony Received 0 0 5 Long Term Capital Gain 0 0 6 Other Income 0 0 7 Total Income 14,560 0 8 Alimony Paid 0 0 9 Other Adjustments to Income 0 0 10 Adjusted Gross Income 14,560 0 11 Greater: Standard Deduction (4,400) (6,450) 12 or Itemized Deductions 0 0 13 Personal Exemptions Allowed (8,400) (5,600) 14 Taxable Income 1,760 0 15 Taxable Inc. Exd Cap Gains 1,760 0 16 Tax on Regular Income 264 0 17 Tax on Cap Gains Income 0 0 18 Child Care Credit 0 0 19 Education/Other Credits 0 0 20 Tax Before Refundable Cr 264 0 21 Child Cr — Under Age 17 (264) 0 22 Earned Income Credit 0 0 23 Alternative Mimmum Tax 0 0 24 Total Federal Income Tax 0 0 25 Sodal Security Tax 1,114 0 26 State Income Tax 17 0 27 Local Income Tax 0 0 28 Total Taxes 1,131 0 29 Child Dependency Exemption 840 0 30 Child Tax Cr — Under Age 17 264 0 31 Average Tax Rate % 7.8% 0.0% 32 Marginal Federal Tax % 15.0% 15.0% 33 Marginal Fed + State Tax % 18.0% 15.0% 34 Filing Status Single Hd Hsld 35 Total Personal Exemptions 3 2 36 No. Children Under Age 17 1 1
 STATE OF CONNECTICUT COMMISSION FOR CHILD SUPPORT GUIDELINES
CT Page 5133 WORKSHEET for the Connecticut Child Support and Arrearage Guidelines Mother Father Custodian Marcia Tennant Lloyd Tennant [] MOTHER [] FATHER
Court OTHER CUSTODIAN Hartford Superior Court D.N. Case No. FA97-0714959 Number of Children 2 Name of Child Date of Birth Name of Child Date of Birth Andre Tennent May 11, 1990 Dominique Tennent Aug. 18, 1992
I. NET INCOME (Weekly amounts) Marcia Lloyd
1. Gross income (attach verification) $0 $280 2. Federal income tax (allowable exemptions, deductions credits) 0 0 2a. Eliminate refundable earned income credit on line 2 0 0 3. State and local income tax (allowable exempt, deductions, Cr) 0 0 4. Social Security tax 0 0 4a. Mandatory retirement 0 0 5. Medicare tax 0 0 6. Health insurance premiums (other than child) 0 0 7. Mandatory union dues or fees 0 0 8. Non-arrearage payments — court ordered alimony child support 0 0 9. Imputed support obligation for qualified child 0 0 (Current spt all children/total children X #qualified children) 10. Sum of lines 2-9 $0 $21 11. Net Income (line 1 minus line 10) $0 $259
II. CURRENT SUPPORT
12. Combined net weekly income (rounded to nearest $10) $260 13. Basic child support obligation (from schedule) $90 14. Check here if noncustodial parent is a low-income obligor YES 15. Child's health Insurance premium $0 $0 16. Total current spt obligation (line 13 minus noncustodial $90 parent's line 15 amount if line 14 is checked-line 13 + line 15 total for all other cases) 17. Each parent's share of line 12 (If line 14 is checked, 0.00% 0.00% skip this line and line 19, and enter the line 16 amount in the noncustodial parent's column on line 18) 18. Each parent's share of the total current support $0 $90 obligation (line 17 times line 16 for each parent) CT Page 5134 19. Health insurance premium adjustment $0 20. Social Security dependency benefits adjustment $0 21. Sum of lines 19 and 20 (for each parent) $0 22. Presumptive current support amounts $90 23. Recommended current support order (Noncustodial parent $90 only. If different from line 22 amount, explain on line 47)
III. UNREIMBURSED MEDICAL EXPENSE $0 $0
24. Net disposable income (line 11 plus line 23 for custodial $90 $169 parent; line 11 minus line 23 for noncustodial) 25. Each parent's share of combined net disposable income 34.75% 65.25% (each parent's line 24 divided by sum of line 24 amounts)
IV. CHILD CARE CONTRIBUTION
26. Qualifying costs (enter contribution amount on line 43) $0 $0
V. ARREARAGE
27. Delinquencies on current support orders $0 28. Unpaid court-ordered arrearages 0 29. Support due for periods prior to support action (not 0 court-ordered) 30. Total arrearages $0
VI. ARREARAGE PAYMENT
31. Current support order from line 23 (or imputed support $0 obligation if there is no current support order or child is living with the obligor) 32. 20% of line 31 $0 — (if line 14 is checked, skip line 32 and go to line 37) — (if the child for whom the arrearage is owed is deceased, emancipated, or over 18, skip line 32 and go to line 39) — (if the child is living with the obligor, skip lines 33-39 and: (1) if the obligor's gross income is not more than 250% of poverty level enter $1 on line 40; OR (2) if the obligor's gross income is greater than 250% of poverty level, enter line 32 amount on line 40) 33. Obligor's line 11 amount $0 34. 55% of line 33 0 CT Page 5135 35. Line 34 minus line 31 0 36. Lesser of line 32 or line 35 (Enter here and on line 40 0 and skip lines 37-39) 37. 10% of line 31 0 38. Greater of line 37 or $1 (Enter here and on line 40) 0 39. 50% of line 31 (Enter here and on line 40) 0 40. Recommended arrearage payment $0 (If different from line 45, explain on line 47)
VII. ORDER SUMMARY
41. Current support order $90 42. Unreimbursed medical expense order $0 43. Child care contribution $0 To State To Family 44. Total arrearage $0 $0 45. Arrearage payment order $0 $0 46. Total child support award: $90
VIII. DEVIATION CRITERIA
47. Reasons for deviation from presumptive support amounts and/or arrearage guideline:
Prepared By Title of Preparer Date Prepared Lifshitz Family Support Magistrate MARCH 30, 2001